UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY OLSHELFSKE,

    Plaintiff,

v.

ANDREW SAUL,
COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

Case No. 18-12095

Hon. George Caram Steeh

ORDER ADOPTING REPORT AND
RECOMMENDATION (ECF NO. 18)

On August 16, 2019, Magistrate Judge Stephanie Dawkins Davis issued a report and recommendation in this action for social security disability and supplemental income benefits. Magistrate Judge Davis recommends that the court deny Plaintiff's motion for summary judgment, grant Defendant's motion for summary judgment, and affirm the decision of the Commissioner.

STANDARD OF REVIEW

With respect to reports and recommendations from magistrate judges, this court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which

objection is made." 28 U.S.C. § 636(b)(1)(C). The court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id*.

When reviewing a case under the Social Security Act, the district court may affirm, modify, or reverse the Commissioner's decision, with or without remand. *See* 42 U.S.C. § 405(g). Findings of fact by the Commissioner are conclusive if supported by substantial evidence. *Id.* The court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (citation omitted). "The substantial-evidence standard is met if a 'reasonable mind might accept the relevant evidence as adequate to support a conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citation omitted). "When deciding under 42 U.S.C. § 405(g) whether substantial evidence supports the ALJ's decision, we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

## ANALYSIS

Plaintiff sought disability and supplemental security income benefits, with an alleged disability onset date of January 4, 2014. The administrative

law judge ("ALJ") found that Plaintiff was not disabled prior to February 13, 2017, but became disabled on that date. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the final decision of the Commissioner.

The ALJ found that Plaintiff suffers from the following severe impairments: degenerative disc disease of the cervical and lumbar spine, bilateral carpal tunnel syndrome, depressive disorder, and anxiety. The ALJ concluded that Plaintiff's impairments did not meet or equal one of the listings in the regulations. The ALJ assessed Plaintiff's residual functional capacity ("RFC") and determined that Plaintiff had the ability to perform sedentary work, including the ability to stand and walk for two hours in an eight-hour day. The ALJ found that there were a significant number of jobs that Plaintiff could perform prior to February 13, 2017. As of February 13, 2017, when Plaintiff's age category changed, the ALJ found Plaintiff to be disabled and awarded benefits as of that date.

Magistrate Judge Davis, upon review of the record and the parties' cross-motions for summary judgment, recommends that the court affirm the Commissioner's decision. Plaintiff raises two objections to the magistrate judge's report and recommendation. First, Plaintiff objects to the magistrate judge's determination that the RFC was supported by

substantial evidence. Second, Plaintiff objects to the magistrate judge's determination that the ALJ did not err in her analysis of Listing 1.04.

I. Objection No. 1

Plaintiff argues that the fact that he used a rolling walker and had an antalgic gait is inconsistent with the ALJ's finding that he could stand and walk for two hours in an eight-hour day. Plaintiff has not, however, demonstrated that the objective medical findings in the record are inconsistent with the RFC, or that the RFC is not supported by substantial evidence. The ALJ acknowledged that Plaintiff used a walker after spinal surgery, but found that "the medical evidence does not demonstrate that it was needed long term." ECF No. 9-2, PageID 55. Plaintiff does not point to a contrary medical opinion in the record. Although Plaintiff's doctor observed that Plaintiff used a walker at times, he did not indicate that it was "medically required." *See* Social Security Ruling 96-9p, 1996 WL 374185 at *7 ("To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information).").

Moreover, Plaintiff does not provide authority for the proposition that an antalgic gait necessarily prevents him from standing or walking for two hours during an eight-hour day. See Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988) ("The mere diagnosis of [a condition], of course, says nothing about the severity of the condition."). The ALJ acknowledged Plaintiff's antalgic gait when formulating the RFC. The magistrate judge found that, although some evidence supports Plaintiff's position, the RFC was nonetheless supported by substantial evidence. ECF No. 18, PageID 813-29. After reviewing the record, the court finds no error in her analysis.

II. <u>Objection No. 2</u>

Plaintiff also contends that the ALJ erred in her analysis of whether Plaintiff's impairments met or equaled the listing requirements of 20 C.F.R. § 404.1520(a). If a claimant has an impairment that meets or equals a listed impairment in the regulations, the Commissioner will find the claimant to be disabled. Plaintiff contends that his impairments meet Listing 1.04, disorders of the spine. The ALJ disagreed, finding that these requirements, including evidence of nerve root compression, were not met. Plaintiff asserts that the ALJ erred by not discussing his 2016 MRI. The magistrate judge correctly noted that the ALJ is not required to cite or discuss every piece of evidence the record. ECF No. 18 at PageID 836.

Further, Plaintiff has not explained how consideration of the 2016 MRI changes the analysis regarding Listing 1.04. "For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). Plaintiff has not pointed to specific evidence that demonstrates that he reasonably could meet all the requirements of Listing 1.04, including nerve root compromise or compression. Although the 2016 MRI showed spinal stenosis, "such a finding does not necessarily establish the presence of nerve root compression." *Hartel v. Berryhill*, 2017 WL 4278517 (M.D. Tenn. Sept. 27, 2017); *Gliebe v.* Astrue, 2011 WL 7144817 at *19 (N.D. Ohio Dec. 30, 2011) ("Spinal stenosis is a narrowing of the spinal column or a narrowing of the openings where the nerves leave the spinal column, whereas nerve root compression is pressure on the nerve.").

## CONCLUSION

For these reasons, the court finds no error in the magistrate judge's analysis. Accordingly, IT IS HEREBY ORDERED that Magistrate Judge Davis's report and recommendation (ECF No. 18) is ACCEPTED and ADOPTED as the order of the court.

IT IS FURTHER ORDERED that Plaintiff's motion for summary judgment (ECF No. 12) is DENIED, Defendant's motion for summary judgment (ECF No. 16) is GRANTED, Plaintiff's objections (ECF No. 19) are OVERRULED, and the final decision of the Commissioner is AFIRMED.

Dated: September 19, 2019

                                      s/George Caram Steeh
                                      GEORGE CARAM STEEH
                                      UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 19, 2019, by electronic and/or ordinary mail.

                            s/Marcia Beauchemin
                            Deputy Clerk